UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KEITH RODRIGUEZ,

                              Plaintiff,                          8:24-cv-00778 (BKS/CFH)

v.

DEPUTY ARTHUR SHATTUCK, in his individual capacity, DISTRICT ATTORNEY GARY PASQUA, in his official and individual capacity, ASSISTANT DISTRICT ATTORNEY SARAH CARPENTER, in her individual capacity, and DETECTIVE JOHN DOE, in his individual capacity,

                              Defendants.
_____

**Appearances:**

*Plaintiff pro se:*
Keith Rodriguez
0900305506
Hudson County Jail
30-35 Hackensack Ave
Kearny, NJ 07032

*For Defendants Deputy Arthur Shattuck, District Attorney Gary Pasqua, Assistant District Attorney Sarah Carpenter, and Detective John Doe:*
Stephen Daniel Button
St. Lawrence County Attorney's Office
48 Court Street
Canton, NY 13617

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

       Plaintiff pro se Keith Rodriguez brings this action under 42 U.S.C. § 1983 and § 1367 against Defendants Deputy Arthur Shattuck, in his individual capacity, District Attorney Gary

1

Pasqua, in his official and individual capacity, Assistant District Attorney Sarah Carpenter, in her individual capacity, and Detective John Doe, in his individual capacity. Plaintiff seeks declaratory and injunctive relief, as well as monetary damages. (Dkt. No. 1, at 13). Plaintiff has also filed a motion for a preliminary injunction. (Dkt. No. 2, at 8). Plaintiff's allegations stem from his arrest and subsequent criminal prosecution. (Dkt. No. 1, at 1). Presently before the Court is Plaintiff's motion seeking a preliminary injunction "holding that the defendants or their agents can not prevent the plaintiff from exercising his constitutional rights." (Dkt. No. 2, at 13). For the reasons that follow, the Court denies Plaintiff's motion.

## II.     FACTS[1]

The Complaint is difficult to follow, but it appears that Plaintiff was "arrested in Jefferson County," (Dkt. No. 1, at 6), after the search of a residence in which [Plaintiff] was a guest," (Dkt. No. 1, at 3). Plaintiff alleges that Defendants Shattuck and Doe "unlawfully extradited the plaintiff from Jefferson County to St. Lawrence County and arrested the plaintiff without a warrant." (*Id.* at 9). Shattuck and Doe arrested Plaintiff under "the instructions from [Defendants Pasqua and Carpenter] of the St. Lawrence District Attorney Office. (*Id.*). Plaintiff states that Police Detective John Doe "force[d] and restrainted [sic] [Plaintiff] . . . without due process of law. There was no warrant or probable cause to arrest [Plaintiff]." (*Id.* at 3). Plaintiff attached a search warrant, which Plaintiff says is "false fabricated" and "unfile [sic]," (*id.* at 3), to his Complaint as Exhibit A, (*id.* at 15-17).

---

[1] The facts are taken from the Complaint and Plaintiff's motion for preliminary injunction. *See Johnson v. Newport Lorillard*, No. 01-cv-9587, 2003 WL 169797, at *1, 2003 U.S. Dist. LEXIS 939, *4 (S.D.N.Y. Jan. 23, 2003) ("In deciding a motion for preliminary injunction, a court may consider the entire record including affidavits and other hearsay evidence.").

Plaintiff alleges that he was taken to St. Lawrence County Jail, (*id.* at 3), and on July 31, 2022,[2] "the People attempted to arriagn [sic] [Plaintiff] on the indictment Number 040-2020. [Plaintiff] did not make a plea. [Plaintiff] wanted to make an objection to the jurisdiction of the [c]ourt," (*id.* at 4). Plaintiff alleges his indictment was fabricated, (*id.* at 5), and unlawfully filed, (*id.* at 7). Plaintiff was "charged with the crime of conspiracy in the second degree[,] . . . operating as a major trafficker[,] . . . two counts of criminal possession of a controlled substance in the first degree[,] . . . [and] two counts of criminal possession of a controlled substance in the third degree." (*Id.* at 3-4).

Plaintiff claims he is "being deprived of discovery and being subjected to a pretense of prosecution." (*Id.* at 5). Plaintiff alleges that Defendant Shattuck "falsely raise [sic] an allegation of a crime in a felony complaint," which has not been filed. (*Id.* at 9). Plaintiff alleges that the state court proceeding was "ineffective to protect [his] constitutional rights and he is "subject to a *Napue-Mooney* violation."[3] (*Id.* at 6). Plaintiff claims that the District Attorney's Office commenced a trial on May 9, 2022, and refused to "turn over recording or notes from their witness Mr. Agaman." (Dkt. No. 2, at 11). He claims that the People "were seemingly prepared to proceed to trial yet again in January 2023 without disclosure." (*Id.*). In his complaint Plaintiff seeks an injunction "staying any and all proceeding and prohibiting the People to continue with the prosecution." (Dkt. No. 1, at 12).[4] In his motion for a preliminary injunction Plaintiff asks the Court to "issue an injunction holding that the defendants or their agents can not prevent the

---

[2] Plaintiff's Motion for Preliminary Injunction alleges that the arraignment was completed on September 2, 2020. (Dkt. No. 2, at 9).
[3] *See Napue v. People of State of Ill.*, 360 U.S. 264, 269 (1959) (holding that false evidence, which State knows to be false, cannot support a conviction, and the same is true if State allows false evidence to go uncorrected); *Mooney v. Holohan*, 294 U.S. 103, 112 (1935) (holding that conviction obtained through the presentation of perjured testimony does not satisfy the requirement of due process).
[4] Defendants explain, in their memorandum in support of a motion to dismiss the Complaint, that a mistrial was declared after Plaintiff's trial commenced. (Dkt. No. 7-1, at 10). The criminal trial has not yet been rescheduled. (*Id.*).

3

plaintiff from exercising his constitutional rights." (Dkt. No. 2, at 13.). Plaintiff claims that he "will suffer irreparable injury unless the injunction is issued," because he will "proceed to an illegal void trial where [his rights] are not protected by the Constitution." (*Id.* at 1).

### III.   MOTION FOR PRELIMINARY INJUNCTION

#### A.   Standard of Review

Rule 65 of the Federal Rules of Civil Procedure governs the issuance of temporary restraining orders and preliminary injunctions. In general, a party seeking a preliminary injunction must demonstrate: (1) a likelihood of irreparable harm in the absence of an injunction; (2) a likelihood of success on the merits or sufficiently serious questions going to the merits to make them fair ground for litigation; (3) that the balance of hardships tips in the movant's favor or, if relying on the presence of sufficiently serious questions, that the balance of hardships tips *decidedly* in the plaintiff's favor; and (4) that the public interest would not be disserved by the issuance of an injunction. *Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 895 (2d Cir. 2015); *see also N. Am. Soccer League, LLC v. U.S. Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018). However, "when a court determines it lacks subject matter jurisdiction, it cannot consider the merits of the preliminary injunction motion and should dismiss the action in its entirety." *Do No Harm v. Pfizer Inc.*, 96 F.4th 106, 120 (2d Cir. 2024) (emphasis omitted).

#### B.   Analysis

Plaintiff's request for injunctive relief, directing that the Defendants not violate his constitutional rights and enjoining the People from continuing with the prosecution, implicates the *Younger* abstention doctrine.

4

1. *Younger* Abstention

The *Younger* doctrine creates "narrow" circumstances under which federal courts' abstention from their "virtually unflagging" obligation "to hear cases within their jurisdiction" is appropriate. *Cavanaugh v. Geballe*, 28 F.4th 428, 430, 432 (2d Cir. 2022) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). Courts may raise the applicability of *Younger* abstention *sua sponte*. *Torres v. Gaines*, 130 F. Supp. 3d 630, 635 (D. Conn. 2015) (citing *Catlin v. Ambach*, 820 F.2d 588, 591 (2d Cir. 1987)).

The *Younger* abstention doctrine provides that "federal courts should generally refrain from enjoining or otherwise interfering in ongoing state proceedings." *Spargo v. N.Y. State Comm'n on Judicial Conduct*, 351 F.3d 65, 74 (2d Cir. 2003). The doctrine applies in only three "exceptional circumstances" involving: (1) ongoing state criminal prosecutions, (2) certain "civil enforcement proceedings," and (3) "pending civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 70 (2013) (citations and internal punctuation omitted). Where one of *Sprint*'s categories is implicated, *Younger* abstention is required. *See Cavanaugh*, 28 F.4th at 433.

"*Younger* abstention is required when three conditions are met: (1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims." *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002).

Finally, "even if *Younger*'s prerequisites are satisfied, a federal court may exercise jurisdiction if the plaintiff can make a showing of 'bad faith, harassment or any other unusual

circumstance that would call for equitable relief.'" *Lowell v. Vermont Dep't of Child. & Fams.*, 835 F. App'x 637, 639 (2d Cir. 2020), *as amended* (Dec. 15, 2020) (quoting *Falco v. Justices of Matrimonial Parts of Supreme Ct. of Suffolk Cnty.*, 805 F. 3d 425, 427 (2d Cir. 2015)). To demonstrate bad faith, a plaintiff must show that relevant state proceeding "was initiated with and is animated by a retaliatory, harassing, or other illegitimate motive." *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 199 (2d Cir. 2002). "[T]he party bringing the state action must have no reasonable expectation of obtaining a favorable outcome. *Id.* "A state proceeding that is legitimate in its purposes, but unconstitutional in its execution—even when the violations of constitutional rights are egregious—will not warrant the application of the bad faith exception." *Id.*

  2.  **Application**

This case involves an ongoing criminal prosecution, which is one of the three circumstances contemplated by *Younger*. *See Sprint Commc'ns, Inc.*, 571 U.S. at 70. The ongoing state criminal prosecution implicates New York State's important interest in enforcing its own criminal laws. *See id.* And the state proceeding will afford Plaintiff adequate opportunity for judicial review of his constitutional claims because if Plaintiff is convicted, he can raise his claims on direct appeal or through collateral review. *See Shelley v. Gulotta*, No. 09-cv-4883, 2010 WL 309011, at *2, 2010 U.S. Dist. LEXIS 6117, *4 (E.D.N.Y. Jan. 26, 2010) (finding the *Younger* requirements met for plaintiff with state criminal charges pending); *Miller v. County of Nassau*, 467 F.Supp. 2d 308, 317-18 (E.D.N.Y. 2006) (same)).

Nor does the bad faith exception apply. Plaintiff alleges in his complaint that, "[b]ecause the proceeding[s] were conducted in bad faith[,]" this case constitutes "an exception to the [*Younger*] doctrine," and the Court "should intervene in the State Court proceeding[.]" (Dkt. No.

6

1, at 6). But "[a] plaintiff asserting bad faith prosecution as an exception to *Younger* abstention must allege specific facts to support an inference of bad faith." *Saunders v. Flanagan*, 62 F.Supp.2d 629, 634 (D. Conn. 1999) (citation omitted). Plaintiff makes only conclusory allegations that the prosecution was brought in bad faith. He does not allege that the criminal proceedings were initiated by a "retaliatory, harassing, or other illegitimate motive" or any facts supporting such a claim. *See Diamond*, 282 F.3d at 199. Broadly, Plaintiff alleges that the proceedings have been unconstitutional in their execution, but does not suggest that the purpose of the proceedings is illegitimate. *See id.* As such, the "bad faith" exception to *Younger* does not apply, and the court declines to reach the merits of Plaintiff's motion.

       The Court therefore holds that *Younger* abstention is appropriate. *See Pawelsky v. Cnty. of Nassau, New York*, 684 F. Supp. 3d 73, 87 (E.D.N.Y. 2023) (abstaining under *Younger* and declining to "reach the issue of the preliminary injunction," where plaintiff's claims were connected to ongoing criminal prosecution); *Graham v. Crim. Ct. of the City of New York*, No. 15-CV-00337, 2015 WL 427981, at *4, 2015 U.S. Dist. LEXIS 18477, at *10 (E.D.N.Y. Feb. 2, 2015) (abstaining under *Younger* and dismissing plaintiff's claims for injunctive relief, including "a request to vacate her criminal case and institute a number of actions against members of the criminal court"); *Bacchus v. New York*, No. 13-cv-6847, 2014 WL 580883, at *1-2, 2014 U.S. Dist. LEXIS 18505 *1-5 (E.D.N.Y. Feb. 13, 2014) (abstaining under *Younger* and dismissing where plaintiff sought to have court dismiss his criminal proceeding); *Lu v. Rocah*, No. 22-cv-9715, 2023 WL 4030015, at *2, 2023 U.S. Dist. LEXIS 104264, *5 (S.D.N.Y. June 15, 2023) (abstaining under *Younger* in light of plaintiff's ongoing criminal prosecution and denying Plaintiff's request for habeas relief).

## IV.    CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's motion for a preliminary injunction (Dkt. No. 2) is **DENIED** because this Court abstains from intervention in accord with the *Younger* abstention doctrine.

**IT IS SO ORDERED.**

Dated:  November 13, 2024
         Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge